UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EBONY BIDDLE,

                       Plaintiff(s),

v.

BANK OF AMERICA, N.A., et al.,

                       Defendant(s).

Case No. 2:16-CV-2582 JCM (PAL)

ORDER

Presently before the court is defendant Bank of America, N.A.'s ("BANA") motion to dismiss. (ECF No. 4). Co-defendant Northwest Trustee Services, Inc. joined that motion. (ECF No. 6). The deadline to respond to that motion elapsed on December 1, 2016. *See* (*id.*); *see also* LR 7-2(b).

*Pro se* plaintiff Ebony Biddle ("Biddle") did not submit a timely response to that motion; instead, Biddle submitted a notice of bankruptcy on December 5, 2016. (ECF No. 9). That filing asserts that "[p]ursuant to 11 U.S.C. Section 362, the above-captioned matter is [automatically stayed] as against [Biddle]." (ECF No. 9 at 1).

On December 14, 2016, BANA responded to the notice of bankruptcy, arguing that the bankruptcy code's automatic stay does not apply here "[b]ecause this action was filed by Plaintiff for affirmative damages and relief against BANA, and BANA has lodged no counterclaims against Plaintiff." (ECF No. 13 at 1). BANA contends that this action is not one "against the debtor," per 11 U.S.C. § 362(a) and requests this court to grant its motion to dismiss as unopposed pursuant to Local Rule 7-2(d). (*Id.* at 1–2).

As an initial matter, this court agrees with BANA's argument that plaintiff's automatic stay does not prevent adjudication of BANA's motion to dismiss. *See In re White*, 186 B.R. 700, 704

**James C. Mahan**
**U.S. District Judge**

(B.A.P. 9th Cir. 1995) ("[T]he primary purpose of § 362 is not applicable to offensive actions by the debtor in possession or bankruptcy trustee.); *see also In re Merrick*, 175 B.R. 333, 336–37 (B.A.P. 9th Cir. 1994) (citing *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n.*, 892 F.2d 575, 577 (7th Cir. 1989) (considering the purpose of the automatic stay within debtor-initiated litigation)). Therefore, this court considers BANA's motion to dismiss as unopposed and will proceed accordingly.

The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–575 (1958). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." The Ninth Circuit instructs that a district court must weigh several factors before granting a motion filed pursuant to Federal Rule of Civil Procedure 12 because a party failed to comply with a local rule: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (discussing a Nevada local rule construing a failure to oppose a motion as effectively consenting to the granting of that motion); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) (indicating that *Ghazali* provides the applicable rule for evaluating a Rule 12 motion to dismiss in light of a local rule authorizing dismissal).

This court finds that granting BANA's motion to dismiss would protect the public's interest in the expeditious resolution of litigation. *See Ghazali*, 46 F.3d at 53. This court also finds that granting BANA's motion to dismiss would permit the court to effectively manage its docket. *See id*. Additionally, BANA would be prejudiced if the court did not rule on the present motion because it would be forced to wait for Biddle—who initiated this case—to resolve the present action. *See id.*

This court acknowledges the public policy favoring the disposition of cases on their merits. *See id.* However, dismissal is an appropriate sanction in this circumstance because more than half of a year has elapsed since the expiration of Biddle's response deadline, and Biddle has yet to file

an opposition to BANA's motion to dismiss. Indeed, "pro se litigants are bound by the rules of procedure." *Id.* at 54.

Weighing the *Henderson* factors, this court finds that defendant's motion to dismiss will be granted pursuant to Local Rule 7-2(d). *See id.* at 53.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED, without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED August 1, 2017.

_____
UNITED STATES DISTRICT JUDGE